UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| JOHN JOHNSON, | ) |
| Plaintiff, | ) Case No. 1:13-cv-00492-SSB |
| -v- | ) District Judge Sandra S. Beckwith |
| | ) Magistrate Judge Karen L. Litkovitz |
| VERTICAL SYSTEMS ELEVATOR CO. | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff John Johnson ("Plaintiff") and Defendant Vertical Systems Elevator Co. ("Defendant"), by and through counsel, hereby stipulate and agree to the following Protective Order to be entered in this case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**1.  CONFIDENTIAL INFORMATION**

This Order shall apply to all documents, materials, things or information produced during the course of this action, including depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or in hearings, matters in evidence and any other information that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY": (1) for documents, in a conspicuous manner on each page or section of text that warrants protection, before production to the opposing party or the Court; (2) for testimony, as set forth herein; and (3) for any other purported trade secret or similarly confidential and proprietary matter, in a manner appropriate to notify properly the opposing party or the Court that the matter is subject to the provisions of this Order.

For purposes of this Order, "CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a hearing, information revealed in an interrogatory answer, or otherwise produced during discovery: (1) that is in good faith designated as such by the producing party, and (2) that, as claimed by the producing party, (a) contains non-public personal information of non-party individuals or (b) constitutes or contains a trade secret or other confidential research, development or commercial information. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means "confidential" information that is so proprietary or confidential its disclosure to persons other than those enumerated in Paragraph 4(b) could cause irreparable competitive or other injury to the producing party.

2. **INADVERTENT FAILURE TO DESIGNATE**

Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. If such material has been treated in a non-confidential manner by the receiving party before such supplemental written notice, that shall not be deemed a breach of this Order. However, upon receipt of the supplemental written notice, the terms of this Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

3. **INADVERTENT PRODUCTION**

The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held

to have waived any rights by such inadvertent production so long as the receiving party is notified within ten (10) days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall not use the information in the document for any purpose until further order of the Court. If the receiving party disagrees that the document is privileged or has been produced inadvertently, it shall file the appropriate motion within fourteen (14) days of receipt of the written request from the inadvertently producing party. The burden of proof of privilege and inadvertence shall be on the producing party. If the Court finds that the producing party produced privileged documents through inadvertence, the receiving party shall, return all copies of the documents to the producing party and shall delete or destroy all excerpts or summaries taken from such documents.

4. **PERMITTED DISCLOSURE**

    **a.** Any information that is designated as "CONFIDENTIAL" by the party or person producing it, shall not be disclosed to any person other than the following:

        **i.** the parties;

        **ii.** the Court and appropriate court personnel;

        **iii.** outside counsel of record for the parties;

        **iv.** members of the legal, paralegal, secretarial, or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

        **v.** outside experts or consultants for the parties as permitted herein;

        **vi.** court reporters during depositions in which confidential material is marked; and

        **vii.** deponents during depositions in which such material is marked.

  **b.** Any information that is designated as "<u>CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" shall not be disclosed to any person other than the following:

   i. outside counsel of record for the parties;

   ii. the Court and appropriate court personnel;

   iii. members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

   iv. outside experts or consultants for the parties as permitted herein;

   v. court reporters during depositions in which confidential material is marked; and

   vi. deponents during depositions in which such material is marked.

  **c.** Disclosure to those persons listed in paragraphs 4(a)(v) and 4(b)(iv) may not be made until the person to whom disclosure is to be made is given a copy of this Order and signs a copy of the Confidentiality Agreement in the form attached hereto as Exhibit A, as executed by the individual who will be reviewing the disclosed information. The attorneys for the party that discloses the information to those persons listed in paragraphs 4(a) and (b) shall keep in their possession all signed Confidentiality Agreements.

The provisions of this paragraph 4 shall survive final termination of this action.

 **5.**  **<u>FILING WITH COURT</u>**

In the event any party wishes to file under seal with the Court documents that contain or reflect "<u>CONFIDENTIAL</u>" or "<u>CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" information, the fact of such a filing shall be communicated to the Court in writing and the Court shall thereby be given the opportunity to determine upon motion by the party seeking to maintain the

documents under seal whether good cause exists to seal the record in accordance with Fed. R. Civ. P. 26(C). Any party can challenge the filing of particular documents under seal.

Any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and filed with the Court under this paragraph shall be placed in a sealed envelope or other sealed container and maintained by the Clerk of the Court in an area not accessible to the public pending a determination of good cause by the Court. Each such sealed container or envelope shall be endorsed with the title of this action, the words "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" and a statement containing substantially the following information:

> This envelope (container) is sealed because it contains CONFIDENTIAL information filed in this case by [insert the name of the party or person filing such confidential information] and is not to be opened or the contents thereof displayed or revealed except by the Order of the Court.

Information filed as provided in this paragraph shall not become accessible to the general public except upon written consent of the party or person producing such information, pending a determination of good cause by the Court.

### 6. DEPOSITIONS

A party may designate any portion of a deposition containing Confidential Information (as defined above) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so stating on the record at the time testimony is given. In the absence of such a statement at the time testimony is given, the testimony of the witness shall be considered as information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of five (5) days after the deposition transcript is received. If counsel for plaintiff or defendant believes that any deposition transcript, or portions thereof either designated at the deposition or not theretofore designated, should be designated as "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY," counsel shall so state in writing to opposing counsel within that 5-day period the specific pages and lines constituting such confidential material. Unless so stated, any confidentiality is waived after the expiration of that 5-day period unless otherwise stipulated or ordered.

7. **TESTIMONY AT HEARINGS OR TRIAL**

In the event any party wishes to place under seal the transcript or portions thereof of testimony containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information provided before the Court at a hearing or at trial, the Court shall be given the opportunity to determine upon motion by the party seeking to place the testimony or portions thereof under seal whether good cause exists to seal the record in accordance with Fed. R. Civ. P. 26(c). Any party and any interested member of the public can challenge the filing of particular documents under seal.

8. **USE FOR THIS ACTION**

Any person receiving information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to discovery in this matter shall make no use of such information, directly or indirectly, except for the purposes of presenting claims or defenses in this action and may not use this information in any other case or dispute nor for any private business or commercial purpose whatsoever.

9. **PRESERVING CONFIDENTIALITY**

The persons receiving confidential information shall take all necessary and proper steps to preserve the designated level of confidentiality of information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." All information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be retained in the sole custody of the

attorneys specified in 4(b)(i). The provisions of this paragraph 9 shall survive final termination of this action.

10. **NO WAIVER OF OBJECTIONS**

Nothing contained in this Order: (a) shall be construed as a waiver by a party or person of its right to object to the subject matter of any discovery request, or as an agreement by any party or person to produce documents, supply information or permit entry upon land under Fed. R. Civ. P. 34; (b) shall constitute an admission that any evidence exists or that evidence that may exist is relevant in any way to the issues; or (c) shall be construed as a waiver of any privilege. No party shall be obligated to challenge immediately the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation and the failure to do so shall not preclude a later challenge to the propriety of such designation.

Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party.

11. **EXPERTS**

Information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be given to an outside expert or consultant retained by a party, or its attorneys of record in this litigation, to assist in the preparation and trial of this litigation (and only when essential to the expert's or consultant's activities in connection therewith); provided that such outside experts or consultants (i) are not currently officers, directors, employees, consultants or agents of any party and (ii) have signed the Confidentiality Agreement in the form set forth in Exhibit A. Any expert who receives "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information before being designated as a testifying expert, the party retaining such expert shall retain a copy of the Confidentiality Agreement set forth in

Exhibit A signed by such expert, but shall not be required to serve a copy of that agreement on the other parties until such expert is designated as a testifying expert.

12. **MAINTAIN CONFIDENTIALITY**

Nothing in this Order shall act to prevent a receiving party from using any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during depositions or in connection with papers filed with the Court, as long as such party maintains the confidentiality of that information in accordance with the other provisions of this Order. "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be used or disclosed by the receiving party to a witness only as explicitly and expressly permitted by this Order.

13. **AFTER TERMINATION OF ACTION**

After final termination of this action, including appeals or expiration of the time in which to appeal, each counsel of record, upon written request made within sixty (60) days of the date of final termination, shall within sixty (60) days of such request, (a) destroy or (b) assemble and return to the counsel of record, all material in their possession and control, embodying information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including all copies thereof. To the extent that any information has been filed under seal with the Court, pursuant hereto, such documents may be retrieved from the clerk's office by the party seeking to maintain the confidentiality of such documents within sixty (60) days of said final termination.

14. **PUBLIC KNOWLEDGE**

The restrictions set forth in this Order shall not apply to information or material that:

    a. Was, is or becomes public knowledge, not in violation of this Order;

    b. Is acquired lawfully by the non-designating party from a third party;

  c. Was lawfully possessed by the non-designating party before entry by the court of this Order;

  d. Was independently developed by the non-designating party without resort to information or material produced by the producing party; or

  e. Is determined by this Court to fall outside of the protections afforded by Fed. R. Civ. P. 26(c).

15. **CHALLENGE TO CONFIDENTIALITY DESIGNATION**

No party to the Action shall be deemed, by treating information as confidential, to have conceded that the information actually is confidential. Nothing in this Order shall operate to prejudice the rights of access to or use of information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," nor shall it prejudice or impair the right of a party to challenge the propriety of the designation as to certain information, or the procedure for handling same. The provisions of this Order shall apply to each item of information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until otherwise agreed by counsel of record for the parties or by order the Court.

16. **FURTHER RELIEF**

Nothing in this Order shall preclude any party from petitioning the Court for different protection with respect to any information as that party considers necessary and appropriate, including applying for an order modifying this Order in any respect.

17. **EXCLUSION OF INDIVIDUALS**

Counsel for any party may exclude from the room at a deposition or other discovery proceeding any person (other than the witness then testifying) who is not authorized under this Order, during any questioning that involves Confidential information. Confidential information shall not be disclosed to the witness then testifying except in conformity with the provisions of this Order, including the requirement that the testifying witness agree to be bound by the terms

Case: 1:13-cv-00492-SSB-KLL Doc #: 30 Filed: 12/17/13 Page: 10 of 13  PAGEID #: 387

of this Order (unless already bound by this Order) by executing the Agreement set forth in Exhibit A.

Counsel for any party may seek a Court Order excluding from a hearing or trial any person (other than the witness then testifying) who is not authorized under this Order, during any questioning that involves confidential information.

18. **ATTORNEY ADVICE BASED ON CONFIDENTIAL INFORMATION**

Nothing in this Order shall bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation and, in the course thereof, from referring to or relying in a general way upon his or her examination of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall make no disclosure of the contents or the source of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information if such disclosure would be contrary to the terms of this Order.

**IT IS SO ORDERED.**

12/17/13
Date:

_Karen L. Litkovitz_
Judge Sandra S. Beckwith
MJ Karen L. Litkovitz

- 10 -

AGREED TO:


| | |
|---|---|
| s/ *Eric Deters* | s/ *Brandi M. Stewart* |
| Eric Deters | Kasey L. Bond |
| ERIC C. DETERS & PARTNERS, P.S.C. | Brandi M. Stewart |
| 5247 Madison Pike | KEATING MUETHING & KLEKAMP, PLL |
| Independence, KY 41051 | One East Fourth Street, Suite 1400 |
| Phone: (859) 363-1900 | Cincinnati, Ohio 45202 |
| Fax: (859) 363-1444 | Phone: (513) 579-6400 |
| Email: eric@ericdeters.com | Fax: (213) 579-6457 |
| Counsel for Plaintiff John Johnson | Email: kbond@kmklaw.com |
| | Email: bmstewart@kmklaw.com |
| | Counsel for Defendant Vertical Systems Elevator |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2013, the foregoing document is being filed with the Clerk of Court of the U.S. District Court, Southern District of Ohio, using the electronic case filing system of the Court, which electronically will send a "Notice of Electronic Filing" to the following attorney of record, whom has consented to accept such a Notice as service of this document by electronic means.

Eric C. Deters
ERIC C. DETERS & PARTNERS, P.S.C.
5247 Madison Pike
Independence, KY 41051
Phone: (859) 363-1900
Fax: (859) 363-1444
Email: eric@ericdeters.com

*s/ Brandi M. Stewart*
Brandi M. Stewart

5232672.1

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **JOHN JOHNSON,** | ) |
| | ) Case No. 1:13-cv-00492-SSB |
| **Plaintiff,** | ) |
| | ) District Judge Sandra S. Beckwith |
| -v- | ) Magistrate Judge Karen L. Litkovitz |
| | ) |
| **VERTICAL SYSTEMS ELEVATOR CO.** | ) |
| | ) <u>**CONFIDENTIALITY AGREEMENT**</u> |
| **Defendant.** | ) |

I have read the Agreed Protective Order concerning the confidentiality of information in the above-captioned litigation. I understand that the Agreed Protective Order is a Court Order designed to preserve the confidentiality of certain confidential information. I also understand that the Agreed Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order with respect to any information designated confidential that is furnished to me, including the provisions of paragraph 9 regarding preserving the confidentiality. I further hereby submit myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Protective Order.

AGREED TO: _____

Printed Name: _____